IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-20523

Miami-Dade County, Circuit Court Case No. 2015-023289-CA-01

LYNDEAN PETERS,

    Plaintiff,
v.

TOWN OF GOLDEN BEACH,
FLORIDA, a Florida municipality; and
ALEXANDER DIAZ, individually,

    Defendants.
_____/

### NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

The Defendants, TOWN OF GOLDEN BEACH ("Town") and ALEXANDER DIAZ (Diaz"), by and through undersigned counsel and pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, remove this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida and state:

    1.    The Plaintiff, LYNDEAN PETERS, initially filed suit on October 13, 2015, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims for alleged discrimination and retaliation against the Town under the Florida Civil Rights Act. See **Exhibit "1"** at p. 1.

    2.    On January 26, 2016, the Plaintiff filed an Amended Complaint and, for the first time, asserted federal claims under 42 U.S.C. §1981 and 42 U.S.C. §1983 against the Town. See **Exhibit "2"** at pp. 1, 10-14. The Amended Complaint also joined the Town's manager, Diaz, as a new

individual defendant and asserted similar claims against Diaz under 42 U.S.C. §1981 and 42 U.S.C. §1983. See **Exhibit "2"** at pp. 1, 14-16.

3. In general, the Amended Complaint asserts that the Defendants subjected the Plaintiff to employment-related discrimination and retaliation in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983. **See Exhibit "2"** at pp. 1, 10-16.

4. According to paragraph 33 of the Amended Complaint: "Plaintiff was subjected to race and ethnicity discrimination by Golden Beach, on the basis of his White Caucasian race and his non-Hispanic ancestry and ethnicity, as alleged hereinabove in violation of 42 U.S.C. §1981." See **Exhibit "2"** at p. 10. According to paragraph 40 of the Amended Complaint, "Golden Beach's retaliatory actions ... were motivated by and based upon Plaintiff's complaints of racial and national origin discrimination towards himself ... in violation of 42 U.S.C. §1981 ... " See **Exhibit "2"** at p. 12. Finally, according to paragraph 49 of the Amended Complaint, "Diaz's conduct constitutes a violation of Plaintiff's rights under 42 U.S.C. §1981 ... ." See **Exhibit "2"** at p. 15.

5. The first pleading giving rise to a right to remove this action was the Plaintiff's Amended Complaint which was filed and served 16 days ago on January 27, 2016. See **Exhibit "2"** at p. 1, Compare **Exhibit "1"** at p. 1.

6. This Notice of Removal is being filed within 30 days after initial service of the Amended Complaint in compliance with 42 U.S.C. § 1446(b)(2)(B).

7. Each Defendant is represented by the undersigned attorneys, and each Defendant expressly consents to the removal of this action to the United States District Court for the Southern District of Florida as contemplated by 42 U.S.C. § 1446(b)(2)(A).

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction because the Amended Complaint (1) presents federal questions arising under 42 U.S.C. §1981 and 42 U.S.C. §1983 and (2) seeks damages and other relief under 42 U.S.C. § 1983 and 42 U.S.C. §1988 for alleged deprivations of the Plaintiff's federal civil rights. **See Exhibit "2"** at pp. 1, 12, 14, 15-16.

9. Pursuant to 28 U.S.C. §1367(a), this Court may exercise supplemental jurisdiction over the Plaintiff's claims in Counts I, II, and III of the Amended Complaint asserted under the Florida Civil Rights Act. **See Exhibit "2"** at pp. 1, 6-10.

10. Pursuant to 28 U.S.C. §1441(a) this action is properly removable to this Court.

11. Pursuant to 28 U.S.C. §1446(a), a copy of the initial Complaint is attached as **Exhibit "1"** and a copy of the Amended Complaint which contains the newly-asserted federal claims is attached as **Exhibit "2."**

12. Venue is proper in this Court because the alleged conduct occurred within the Southern District of Florida.

13. Written notice of the Defendant's removal of this action is being provided to the Plaintiff, and a copy of this Notice of Removal (**without Exhibits**) is being filed with the Clerk of the Court of Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, the Defendants, TOWN OF GOLDEN BEACH, and ALEXANDER DIAZ, request that this Court accept and retain jurisdiction over this action together with such other and further relief as the Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **12th** day of February 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to counsel on the attached Service List.

>JOHNSON, ANSELMO, MURDOCH, BURKE,
>PIPER & HOCHMAN, P.A.
>Attorneys for Defendants
>2455 East Sunrise Boulevard, Suite 1000
>Fort Lauderdale, Florida  33304
>954/463-0100 Telephone
>954/463-2444 Facsimile
>Hochman@jambg.com
>
>By:   */s/ Jeffrey L. Hochman*
>          JEFFREY L. HOCHMAN
>          Fla. Bar No.  902098

**SERVICE LIST**

**Attorney for Plaintiff**
Roderick V. Hannah, Esq.
Roderick V. Hannah, P.A.
8751 W. Broward Blvd., Suite 303
Plantation, FL 33324
Phone: 954-362-3800
Fax: 954-362-3779
Email:  rhannah@rhannahlaw.com
           kflynn@rhannahlaw.com

**Co-Counsel for Plaintiff**
Pelayo M. Duran, Esq.
Law Office of Pelayo Duran, P.A.
4640 N.W. 7th Street
Miami, FL 33126
Phone: 305-266-9780
Fax: 305-269-8311
Email:  Pduran@pelayoduran.com

**Attorney for Defendants**
Jeffrey L. Hochman, Esq.
Johnson, Anselmo, Murdoch, Burke
Piper & Hochman, P.A.
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
(954) 463-0100 - Telephone
(954) 463-2444 - Facsimile
Email:  hochman@jambg.com