IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2015-023289-CA-01

LYNDEAN PETERS,

    Plaintiff,

vs.

TOWN OF GOLDEN BEACH,
FLORIDA, a Florida municipality; and
ALEXANDER DIAZ, individually,

    Defendants.
_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff LYNDEAN PETERS, through undersigned counsel and for his Amended Complaint, sues Defendants TOWN OF GOLDEN BEACH, FLORIDA, a Florida municipality, and ALEXANDER DIAZ, individually, and alleges as follows:

1. This is an action for national origin/race discrimination and retaliation in violation of the Florida Civil Rights Act, §760.01, *et seq.*, Fla. Stat. ("FCRA"), and for violation of 42 U.S.C. §§1981 and 1983, in which Plaintiff seeks damages in excess of $15,000.00, exclusive of interest, costs, and attorney's fees. This Court has concurrent jurisdiction with the federal courts over Plaintiff's claims under 42 U.S.C. §§1981 and 1983.

2. Plaintiff LYNDEAN PETERS, was at all relevant times, and still is, a resident of Broward County, Florida, and was and is a White, non-Hispanic male. At all

EXHIBIT "2"

relevant times, Plaintiff was and continues to be a "person" within the meaning of 42 U.S.C. §§1981 and 1983.

3. Defendant TOWN OF GOLDEN BEACH, FLORIDA ("Golden Beach"), was at all relevant times, and still is, a Florida municipal corporation organized under the laws of the State of Florida and was and is located and operated within Miami-Dade County, Florida. At all relevant times Golda Beach was and still is a person within the meaning of 42 U.S.C. §1983.

4. Defendant ALEXANDER DIAZ ("Diaz") was at all relevant times, and still is, a resident of Miami-Dade County, Florida, and was at all relevant times, and still is, the Town Manager for Golden Beach.

5. Plaintiff was employed as a police officer by Golden Beach until January 14, 2014, when he retired.

6. In January 2011, after a lengthy investigation conducted by Miami-Dade County and the Florida Department of Law Enforcement, Plaintiff, while employed by Golden Beach and based upon an intentionally false and misleading probable cause affidavit, was arrested, detained, and subjected to prosecution.

7. As a result of the same investigation, two other police officers with Defendant, Omar Paez ("Paez") and Yovany Diaz ("Y. Diaz"), both Hispanic males, were, like Plaintiff, arrested, detained and subjected to prosecution for the same or similar alleged criminal offenses as Plaintiff.

8. After his arrest, Plaintiff was placed on indefinite administrative leave without pay pending the outcome of his prosecution. While on such leave, which was not

considered disciplinary yet was without pay, Plaintiff was not allowed to return to work at Golden Beach's police department offices or perform any duties.

9. After their arrests, Paez and Y. Diaz were also initially placed on administrative leave pending the outcomes of their prosecutions. While Paez and Y. Diaz's administrative leaves were originally without pay, Golden Beach subsequently changed their respective administrative leaves to administrative duties with full pay and benefits, which allowed Paez and Y. Diaz to return to work performing administrative duties at Golden Beach's police department offices.

10. Plaintiff subsequently, and repeatedly, requested, both verbally and in writing, that he be treated the same as Paez and Y. Diaz in that his administrative leave be changed, like theirs, to administrative duties with pay. Plaintiff specifically pointed out to Golden Beach that he was being treated unfairly and differently from Paez and Y. Diaz, despite the fact that they had, like Plaintiff, been arrested, detained, and prosecuted as a result of the same investigation and for similar alleged misconduct. Plaintiff also pointed out that he had not committed any crime or misconduct, and that Golden Beach was fully aware of this fact, even at the time of arrest. Golden Beach, without explanation, however, refused to change the status of Plaintiff's administrative leave without pay to administrative duties with full pay and benefits, as it had done for Paez and Y. Diaz, and continued not to pay Plaintiff his wages.

11. Despite his repeated requests for similar treatment as that given to Paez and Y. Diaz -- i.e., being put on administrative duties with pay and all benefits pending the prosecutions -- Plaintiff was, continuously and daily, and for the following approximate three-year period, treated differently from Paez and Y. Diaz in that he was

3

not being paid pending his prosecution, was not allowed to return to the police station to perform administrative duties, and was prevented from receiving certain benefits and job betterment opportunities, including taking the sergeant's exam to be promoted to sergeant, despite having been accused of similar alleged misconduct as his Hispanic ancestry co-employees.

12. Plaintiff retired from Golden Beach as of January 14, 2014. On or about March 25, 2014, the Florida State Attorney's office dropped all charges against Plaintiff and dismissed the prosecution based on lack of evidence that Plaintiff had committed any crimes or had engaged in any wrongdoing.

13. On or about May 8, 2014, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Florida Commission on Human Relations ("FCHR"), to claim that his continuous and ongoing disparate treatment in not being placed on administrative duties and not being paid during his administrative leave period as were his Hispanic co-employees was unlawful race and national origin discrimination. Plaintiff's Charge of Discrimination is attached as Exhibit "A".

14. After his date of retirement, Plaintiff found new work as an independent contractor with HPF and Associates, Inc. ("HPF") supervising a construction crew. On or about July 1, 2014 – while the investigation of Plaintiff's Charge of Discrimination was still ongoing and after Plaintiff had been fully exonerated of all wrongdoing -- Plaintiff was supervising a construction crew at a particular job site in Golden Beach under a contract that HPF had with Golden Beach. On or about that date, Defendant Diaz approached Plaintiff's then boss, Paul Abbitt, showed Mr. Abbitt a copy of Plaintiff's

4

EEOC Charge, and demanded that Mr. Abbitt immediately and permanently remove Plaintiff from the job site because of the EEOC charge. Mr. Abbitt, concerned that he had to comply with Diaz's demand, removed Plaintiff from the job with Golden Beach, causing Plaintiff to suffer emotional distress and humiliation, and to lose substantial pay and income. As a result of this incident, Plaintiff was also prevented from working for HPF on, and earning money from, other ongoing and contracted for construction, renovation, and repair projects that HPF had with Golden Beach.

15. In addition, following his retirement from Golden Beach and after he filed his Charge, Plaintiff specifically and repeatedly requested from Diaz that he be issued his retired police officer identification and credentials. Diaz, however, failed and refused to issue the requested identification and credentials, without explanation therefor, until October 28, 2014 – over 22 months after Plaintiff had retired. As a result of this intentional, unjustified, and continuous delay, Plaintiff suffered further humiliation and emotional distress.

16. Plaintiff has exhausted all of his administrative remedies under the FCRA as more than 180 days has passed without the FCHR making any decision on his Charge of Discrimination.

17. Plaintiff has satisfied all conditions precedent to the bringing and maintenance of this case.

18. Plaintiff has hired the undersigned attorneys to represent him in this case and has agreed to pay the attorneys a reasonable fee for their services.

19. Plaintiff is entitled to recover his reasonable attorney's fees as part of his costs pursuant to the FCRA for his claims under the FCRA. Plaintiff is also entitled to

5

recover his reasonable attorney's fees as part of his costs for his federal claims under 42 U.S.C. §1988(b).

### COUNT I – UNLAWFUL NATIONAL ORIGIN DISCRIMINATION UNDER THE FCRA (GOLDEN BEACH)

20. Plaintiff re-alleges paragraphs 1 through 13 and 16 through 19 as if set forth fully herein.

21. Plaintiff was subjected to national origin discrimination by Golden Beach, on the basis of his non-Hispanic national origin as alleged hereinabove in violation of the FCRA, §760.11, Fla. Stat. In addition, Plaintiff was treated differently than other Hispanic police officers who were accused of committing criminal offenses of equal or greater severity than Plaintiff, including Robert Barrio, a Hispanic police lieutenant who was arrested and accused of a capital felony (false imprisonment and battery), and, while out on bond, was, unlike Plaintiff, permitted to remain on duty with full pay and benefits pending prosecution, and was able, unlike Plaintiff, to receive psychological counseling through Golden Beach during the period.

22. As a direct and proximate result of the national origin discrimination, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including lost back pay, lost benefits, and lost income, and compensatory damages, including but not limited to emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Golden Beach for the following relief:

A. A declaration that Golden Beach's conduct against Plaintiff constitutes national origin discrimination in violation of the FCRA;

B.   An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C.   An award to Plaintiff of all his compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

D.   An added award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

E.   An award to Plaintiff of all interest;

F.   An award to Plaintiff of all his costs, including his reasonable attorney's fees per the FCRA; and

G.   Such other and further relief as the Court deems just and equitable.

## COUNT II – UNLAWFUL RACE DISCRIMINATION UNDER THE FCRA (GOLDEN BEACH)

23.   Plaintiff re-alleges paragraphs 1 through 13 and 17 through 9 as if set forth fully herein.

24.   Plaintiff was subjected to race discrimination by Golden Beach, on the basis of his White Caucasian race, as alleged hereinabove in violation of the FCRA, §760.11, Fla. Stat. In addition, Plaintiff was treated differently than other Hispanic, Latin-race police officers who were accused of committing criminal offenses of equal or greater severity than Plaintiff, including Robert Barrio, a Hispanic, Latin race police lieutenant who was arrested and accused of a capital felony (false imprisonment and battery), and, while out on bond, was, unlike Plaintiff, permitted to remain on duty with full pay and benefits pending prosecution, and was able, unlike Plaintiff, to receive psychological counseling through Golden Beach during the period.

25.   As a direct and proximate result of the race discrimination, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future,

including lost back pay, lost benefits, and lost income, and compensatory damages, including but not limited to emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Golden Beach for the following relief:

A. A declaration that Golden Beach's conduct against Plaintiff constitutes race discrimination in violation of the FCRA;

B. An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C. An award to Plaintiff of all his compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

D. An added award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

E. An award to Plaintiff of all interest;

F. An award to Plaintiff of all his costs, including his reasonable attorney's fees per the FCRA; and

G. Such other and further relief as the Court deems just and equitable.

### COUNT III – UNLAWFUL RETALIATION UNDER THE FCRA (GOLDEN BEACH)

26. Plaintiff re-alleges paragraphs 1 through 19 as if set forth fully herein.

27. Plaintiff engaged in protected activity under the FCRA by opposing and complaining of discrimination under the FCRA, including filing a Charge of Discrimination with the EEOC and FCHR in May 2013.

28. Golden Beach was aware of Plaintiff's having engaged in protected activity under the FCRA prior to taking adverse action against Plaintiff, as it had received

8

Plaintiff's internal complaints of disparate treatment and his Charge of Discrimination, the latter being in the possession of Diaz as of July 1, 2014. In addition, Golden Beach had received from the EEOC, and had formally responded to the Charge of Discrimination, prior to June 30, 2014.

29. Plaintiff was subjected to unlawful retaliation by Golden Beach through, among others, Diaz acting in the course and scope of his employment, as alleged in paragraphs 14 and 15 above, in violation of the FCRA, §760.11, Fla. Stat.

30. As a direct and proximate result of the retaliation, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including but not limited to lost income, emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Golden Beach for the following relief:

A. A declaration that Golden Beach's conduct against Plaintiff constitutes unlawful retaliation in violation of the FCRA;

B. An injunction enjoining Golden Beach from taking any further retaliatory actions against Plaintiff in continuing to work with HPF and any other contractors doing work for and within Golden Beach;

C. An award to Plaintiff of any compensatory damages;

D. An award to Plaintiff for any adverse tax consequences of any compensatory damages awarded to Plaintiff;

E. An award to Plaintiff of all interest;

F.  An award to Plaintiff of all his costs, including his reasonable attorney's fees per the FCRA; and

G.  Such other and further relief as the Court deems just and equitable.

## COUNT IV – UNLAWFUL RACE/ETHNICITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. §§1981 AND 1983 (GOLDEN BEACH)

31. Plaintiff re-alleges paragraphs 1 through 13 and 16 through 19 as if set forth fully herein.

32. At all relevant times, Golden Beach's adverse employment actions against Plaintiff were taken and its discriminatory actions were committed under color of state law.

33. Plaintiff was subjected to race and ethnicity discrimination by Golden Beach, on the basis of his White Caucasian race and his non-Hispanic ancestry and ethnicity, as alleged hereinabove in violation of 42 U.S.C. §1981.

34. Golden Beach's discriminatory conduct towards and disparate treatment of Plaintiff, as set forth herein and which was based upon Plaintiff's race, ancestry and ethnicity, denied Plaintiff the right to enjoy all of the benefits, privileges, terms, and conditions of a contractual relationship as is enjoyed by non-White Hispanic citizens working for Golden Beach, as provided by and in violation of 42 U.S.C. §1981, as amended.

35. Because of the establishment of customs, policies and practices described above, as well as Golden Beach's deliberate indifference to the federally protected rights guaranteed under 42 U.S.C. §1981, which prohibits racial discrimination in the making and enforcement of contracts, including employment, Golden Beach is liable for the injuries sustained by Plaintiff as described herein, which were proximately caused by the

10

statutory violations committed by its Mayor and by Diaz, who promulgated and enforced racially discriminatory policies in the workplace. Specifically, Golden Beach established and implemented customs, policies and practices, and showed deliberate indifference to Plaintiff's federally protected rights under §1981, in connection with imposing disciplinary action that favored Hispanic, Latin-race police officers who were accused of committing offenses of equal or greater severity than White, non-Latin race police officers such as Plaintiff. The Hispanic, Latin-raced police officers who received more favorable treatment included, but were not limited to, Paez and Y. Diaz, as well as Robert Barrio, a Hispanic, Latin-race police lieutenant who was arrested and accused of a capital felony (false imprisonment and battery), and, while out on bond, was, unlike Plaintiff, permitted to remain on duty with full pay and benefits pending prosecution, and was able, unlike Plaintiff, to receive psychological counseling through Golden Beach during the period.

36. Golden Beach's actions, as described herein, were and are in violation of Plaintiff's federally protected civil rights under 42 U.S.C. §§1981 and 1983.

37. Golden Beach's actions, as set forth above, were willful and malicious.

38. Plaintiff is entitled to damages and other relief pursuant to 42 U.S.C. §§1981 and 1983. As a direct and proximate result of the unlawful retaliation, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including but not limited to lost income, emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Golden Beach for the following relief:

A. A declaration that Golden Beach's conduct against Plaintiff constitutes race/ethnicity discrimination in violation of 42 U.S.C. §§1981 and 1983;

B. An award to Plaintiff of any lost back pay, lost benefits, and lost income;

C. An award to Plaintiff of all his compensatory damages, including damages for emotional distress, humiliation and loss of dignity;

D. An added award to Plaintiff as compensation for any adverse tax consequences of any damages awarded to Plaintiff;

E. An award to Plaintiff of all interest;

F. An award to Plaintiff of all his costs, including his reasonable attorney's fees per 42 U.S.C. §1988(b); and

G. Such other and further relief as the Court deems just and equitable.

## COUNT V – UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. §§1981 AND 1983 (GOLDEN BEACH)

39. Plaintiff re-alleges paragraphs 1 through 19, 32, 36, and 37 as if set forth fully herein.

40. Golden Beach's retaliatory actions taken through Diaz as its City Manager, as alleged in paragraphs 14 and 15 above, were motivated by and based upon Plaintiff's complaints of racial and national origin discrimination towards himself, including his filing a Charge of Discrimination with the EEOC and FCHR in May 2013, in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

41. Golden Beach's retaliatory conduct towards and disparate treatment of Plaintiff, as set forth herein and which was based upon Plaintiff's written and verbal complaints of race discrimination, including, without limitation, his EEOC Charge filing, denied Plaintiff the right to enjoy all of the benefits, privileges, terms, and conditions of a

contractual relationship as is enjoyed by non-White citizens, Hispanic, Latin-raced citizens and employees of Golden Beach, as provided by and in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

42. Because of the establishment of customs, policies and practices described above, as well as Golden Beach's deliberate indifference to the federally protected rights guaranteed under 42 U.S.C. §1981, which prohibits racial, ancestral, and ethnicity discrimination and resulting retaliation in the making and enforcement of contracts, including employment, Golden Beach is liable for the injuries sustained by Plaintiff described herein, which were proximately caused by the statutory violations and retaliatory actions committed by its Town Manager Diaz.

43. Golden Beach was aware of Plaintiff's having engaged in the protected activity prior to taking adverse action against Plaintiff, as it had received Plaintiff's internal complaints of disparate treatment and his Charge of Discrimination, the latter being in the possession of Diaz as of July 1, 2014. In addition, Golden Beach had received from the EEOC, and had formally responded to the Charge of Discrimination, prior to June 30, 2014.

44. Plaintiff is entitled to damages and other relief pursuant to 42 U.S.C. §§1981 and 1983. As a direct and proximate result of the unlawful retaliation, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including but not limited to lost income, emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Golden Beach for the following relief:

A. A declaration that Golden Beach's conduct against Plaintiff constitutes unlawful retaliation in violation of 42 U.S.C. §§1981 and 1983;

B. An injunction enjoining Golden Beach from taking any further retaliatory actions against Plaintiff in continuing to work with HPF and any other contractors doing work for and within Golden Beach;

C. An award to Plaintiff of any compensatory damages;

D. An award to Plaintiff for any adverse tax consequences of any compensatory damages awarded to Plaintiff;

E. An award to Plaintiff of all interest;

F. An award to Plaintiff of all his costs, including his reasonable attorney's fees per 42 U.S.C. §1988(b); and

G. Such other and further relief as the Court deems just and equitable.

## COUNT VI – UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. §1981 (DIAZ)

45. Plaintiff re-alleges paragraphs 1 through 13 and 16 through 19 as if set forth fully herein.

46. Diaz as Town Manager for Golden Beach can be held individually liable under 42 U.S.C. §1981 for discriminatory and retaliatory conduct in which he personally participated and conducted.

47. Diaz was aware of Plaintiff having engaged in his protected activity of opposing race discrimination as he had in his possession, and had already seen and reviewed, Plaintiff's EEOC Charge of Discrimination as of July 1, 2014.

48. Diaz, acting in his capacity as Town Manager of Golden Beach, personally, willfully and maliciously engaged in the retaliatory conduct against Plaintiff

14

for having engaged in, and continuing to engage in, his protected activity, as alleged in paragraphs 14 and 15 above.

49. Diaz's conduct constitutes a violation of Plaintiff's rights under 42 U.S.C. §1981, as his retaliatory conduct towards and disparate treatment of Plaintiff, as set forth herein, and which was based upon Plaintiff's written and verbal complaints of race discrimination, including, without limitation, his EEOC Charge filing, denied Plaintiff the right to enjoy all of the benefits, privileges, terms, and conditions of a contractual relationship as is enjoyed by non-White, Hispanic, Latin-raced citizens and employees of Golden Beach, as provided by and in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

50. Plaintiff is entitled to damages and other relief pursuant to 42 U.S.C. §1981. As a direct and proximate result of the retaliation by Diaz, Plaintiff has suffered damages in the past, and will continue to suffer damages into the future, including but not limited to lost income, emotional distress, humiliation, loss of dignity, and out of pocket expenses.

WHEREFORE, Plaintiff demands entry of judgment against Diaz for the following relief:

A. A declaration that Diaz's conduct against Plaintiff constitutes unlawful retaliation in violation of 42 U.S.C. §1981;

B. An injunction enjoining Diaz, as Golden Beach's Town Manager, from taking any further retaliatory actions against Plaintiff in continuing to work with HPF and any other contractors doing work for and within Golden Beach;

C. An award to Plaintiff of any compensatory damages;

  D. An award to Plaintiff for any adverse tax consequences of any compensatory damages awarded to Plaintiff;

  E. An award to Plaintiff of all interest;

  F. An award to Plaintiff of all his costs, including his reasonable attorney's fees per 42 U.S.C. §1988(b); and

  G. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>8751 W. Broward Blvd., Suite 303<br>Plantation, FL 33324<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br><br>By *s/ Roderick V. Hannah*<br>  RODERICK V. HANNAH<br>  Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br><br>By *s/ Pelayo M. Duran*<br>  PELAYO M. DURAN<br>  Fla. Bar No. 0146595 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on the 26th day of January, 2016, to: Jeffrey L. Hochman, Esq. (Hochman@jambg.com), Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Attorneys for Defendant Town of Golden Beach, 2455 E. Sunrise Blvd., Suite 1000, Fort Lauderdale, FL 33304.

/s/ *Roderick V. Hannah*
Roderick V. Hannah

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 510-2014-02866 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Lyndean Peters | (954) 851-2901 | 07-16-1965 |

Street Address: **751 Ne 57 Street, Oakland Park, FL 33334**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TOWN OF GOLDEN BEACH | 15 - 100 | (305) 932-0756 |

Street Address: **1 Golden Beach Drive, Golden Beach, FL 33160**

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-05-2011   Latest: 03-25-2014

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am white Caucasian. I have been working for the above employer since 2007 as a Police Officer. I was arrested on January 5, 2011 by the Miami Dade County Public Corruptions unit. I was placed on administrative leave without pay. Three months later Omar Piez and Yovanny Diaz, Hispanic Police Officers, were also arrested by the same division. They were both placed on administrative duties with pay while I was not. I was placed on administrative leave from 2011 until 2014. The charges against me were dismissed on March 25, 2014.

No reason was given for the discriminatory actions.

I believe that I was discriminated against due to my race/white and national origin/American, in violation of Title VII of the 1964 Civil Rights Act, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 05-09-14

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**PLAINTIFF'S EXHIBIT "A"**